IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 APR -6  PM 5: 22

CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

| | | |
|---|---|---|
| RAY BLANKS, | * | |
| Petitioner, | * | Civil Action No. RDB-13-46 |
| v. | * | Criminal Action No. RDB-08-0565 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## **MEMORANDUM OPINION**

On July 10, 2009, Petitioner Ray Blanks ("Petitioner" or "Blanks") was convicted by a jury of all five (5) counts for which he was charged: (1) conspiracy to interfere with commerce through robbery, in violation of 18 U.S.C. § 1951(a); (2) interference with commerce through robbery, in violation of 18 U.S.C. § 1951(a); (3) conspiracy to possess firearms in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o); (4) possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and (5) felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). ECF No. 104. Petitioner was sentenced to a total of two-hundred and forty (240) months incarceration as a result of his convictions. ECF No. 141.

On January 2, 2013, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 269). Petitioner has also filed: a Motion for an Evidentiary Hearing (ECF No. 270); a Motion for Discovery (ECF No. 271); a Motion to Appoint Counsel (ECF No. 272); a Motion for the Record and Request for a copy of his §

2255 Motion (ECF No. 278); and two Motions to Amend his § 2255 Motion (ECF Nos. 280 & 281).

The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED. Petitioner's Motions to Amend his § 2255 Motion are DENIED. In light of this Court's ruling on Petitioner's § 2255 Motion, Petitioner's Motion for an Evidentiary Hearing (ECF No. 270), Motion for Discovery (ECF No. 271), Motion to Appoint Counsel (ECF No. 272) are DENIED AS MOOT. Petitioner's a Motion for the Record and Request for a copy of his § 2255 Motion (ECF No. 278) is GRANTED.

## BACKGROUND

On the evening on June 24, 2008, Petitioner and two other individuals, Danny Jones ("Jones") and Corey Adams ("Adams"), drove from Petersburg, Virginia to a private residence in Cumberland, Maryland where Samuel Butler ("Butler") and his girlfriend, Christi Elliot ("Elliot"), lived with Elliot's two children, a twelve-year-old girl and nineteen-year-old boy, Nathan Elliot ("Nathan"). During the early morning hours of June 25, 2008, both Butler and Elliot were out of the house. Around 1:00 a.m., Nathan was awakened by Petitioner, accompanied by Jones, who was tapping a handgun on Nathan's chest, telling him to get up.

Petitioner and Jones, holding Nathan at gunpoint, demanded to know where Butler was. Petitioner and Jones proceeded to drag Nathan around the house at gunpoint searching for money. Petitioner and Jones then forced Nathan to lie on the floor, face down, as the

2

two continued their search. Soon after, Elliot returned to the house and was attacked by Petitioner and Jones, who demanded money and drugs. While Nathan remained lying face down on the first floor, Petitioner and Jones took Elliot upstairs and strip-searched her, finding money and drugs on her person. Petitioner and Jones forced her to then call Butler to tell him to come home, but after making several calls, she was unable to reach him.

Just before 9:00 a.m. on June 25, Butler walked into the residence and was attacked by Petitioner and Jones, who beat Butler with their handguns. Butler managed to retrieve his own handgun from a sofa and fired two shots at Blanks and Jones, missing them both. Blanks and Jones fled out the back door of the home. As they ran down an alley, Butler fired three more shots, striking Jones twice. Butler, bleeding heavily as a result of being beaten by Petitioner and Jones, collapsed on the street. Blanks, Jones, and Adams fled by car.

On December 9, 2008, Petitioner was indicted by a grand jury in the United States District Court for the District of Maryland. ECF No. 1 (Indictment). On July 10, 2009, Petitioner was convicted by a jury of all five (5) counts to which he was charged: (1) conspiracy to interfere with commerce through robbery, in violation of 18 U.S.C. § 1951(a); (2) interference with commerce through robbery, in violation of 18 U.S.C. § 1951(a); (3) conspiracy to possess firearms in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o); (4) possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and (5) felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). ECF No. 104. Petitioner was sentenced to a total of two-hundred and forty (240) months incarceration as a result of his convictions. ECF No. 141.

On November 20, 2009, Blanks appealed to the United States Court of Appeals for the Fourth Circuit. ECF No. 139 (Notice of Appeal). The Fourth Circuit affirmed Petitioner's conviction and sentence. *United States v. Blanks*, 439 F. App'x 228 (4th Cir. 2011). On November 14, 2011, the United States Supreme Court denied Petitioner's petition for writ of *certiorari*. *Blanks v. United States*, 132 S. Ct. 602 (2011). Petitioner filed his Motion to Vacate under 28 U.S.C. § 2255 on January 2, 2013. ECF No. 269.

On August 26, 2013, Petitioner filed a "Motion to Amend claim [sic] to petition & clames [sic]" (ECF No. 280) and a Motion to Amend Claims pursuant to Rule 10(c) and 15(a) of the Federal Rules of Civil Procedure (ECF No. 281). Each of Petitioner's motions to amend contain the same substantive grounds for relief under 18 U.S.C. § 2255. In Petitioner's original § 2255 motion, Ground One alleged that "[t]rial counsel was ineffective for failing to challenge the constitutionality of the United States sentencing guidelines 'as-applied' under the Sixth Amendment to the United States Constitution." ECF No. 269. Petitioner now wishes to add the allegation that, under the Supreme Court's holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), this Court impermissibly increased his sentence from five to seven years on Count Four charging a violation of 18 U.S.C. § 924(c)(1). Specifically, he alleges that this increase was based on judicial fact-finding in violation of his Sixth Amendment right to a trial by jury as to each element of the offenses charged.[1] ECF Nos. 280 & 281.

---

[1] This Court's ruling on Petitioner's Motions to Amend (ECF Nos. 280 & 281) is incorporated in Section II.A. of this memorandum opinion.

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (b) the court lacked "jurisdiction to impose the sentence, . . . [(c)] the sentence was in excess of the maximum authorized by law, or [(d) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.' " *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

To state a claim for relief under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first, or "performance" prong, of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice" prong, requires that defendant demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an

insufficient showing on one.'" *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697. The Fourth Circuit has also noted that the mere possibility of a different trial result does not satisfy the burden of proving prejudice placed on the defendant. *See Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986). Additionally, "[i]neffective assistance claims are generally not cognizable on direct appeal . . . 'unless [an attorney's ineffectiveness] conclusively appears from the record.'" *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008) (quoting *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999)).

## DISCUSSION

### I.    TIMELINESS OF PETITIONER'S MOTION TO VACATE

Petitioner's judgment of conviction became final when the Supreme Court denied his petition for writ of *certiorari* on November 14, 2011. The provisions of 28 U.S.C. § 2255 include a statute of limitations of one year.[2] Petitioner's Motion to Vacate under 28 U.S.C. § 2255 was entered on the docket on January 2, 2013. ECF No. 269. However, Petitioner's motion is dated November 3, 2012, and the record indicates he delivered his motion to prison officials to have it mailed to the district court at that time. Under the Supreme Court's holding in *Houston v. Lack*, 467 U.S. 266 (1988), Petitioner's motion was filed when he turned it over to prison officials.[3] *See also United States v. Hatala*, 29 F. Supp. 2d 728, 731 (4th Cir.

---

[2] The statute of limitations period for Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 expired on November 15, 2012.

[3] In *Houston*, 467 U.S. 266, the Supreme Court determined that "*pro se* petitioner's notices of appeal are 'filed' at the moment of delivery to prison officials for forwarding to the district court" rather than the time the court clerk actually

1998) (holding that the "mailbox rule" applies to § 2255 motions).[4] Based on Petitioner's November 3, 2012 filing, Petitioner has satisfied the one year statute of limitations prescribed in 28 U.S.C. § 2255.

II.     INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner invokes three (3) grounds for habeas relief based on ineffective assistance of trial and appellate counsel. ECF No. 269. Petitioner's first allegation is that "trial counsel was ineffective for failing to challenge the constitutionality of the United States Sentencing Guidelines 'as-applied' under the Sixth Amendment to the United States Constitution." *Id.* at 2. Petitioner's second allegation is that "[t]rial and appellate counsel were ineffective for failing to object to the sufficiency of the indictment and the constitutionality of 18 U.S.C. § 1951(a), as applied, under the Fifth and Sixth Amendments to the United States Constitution." *Id.* at 14. Petitioner's third allegation is that "Appellate counsel's failure to petition for rehearing and rehearing *en banc*, in derogation of [Petitioner's] request, rendered his appellate proceedings fundamentally unfair, warranting reinstatement of [Petitioner's] direct appeal process." *Id.* at 15.

### A. Trial counsel did not render ineffective assistance of counsel for failing to challenge the constitutionality of the sentence imposed by the district court.

It is well settled under the *Strickland* standard that "the defendant must overcome the

---

receives the notice. This brightline rule for prisoner *pro se* filings, known as the "mailbox rule," serves to protect incarcerated *pro se* litigants who have "no control over delays between prison authorities' receipt of the notice and its filing." *Id.* at 273-74. It is important to note, however, that "*Houston* does not create an exception by which incarcerated inmates can avoid time restrictions." *Lewis v. Richmond City Police Department*, 947 F.2d 733, 736 (4th Cir. 1991). Rather, it "serves to create functionally equivalent time bars and provide equal access to courts for *pro se* prisoner litigants." *Id.*

[4] In *Hatala*, 29 F. Supp. 2d 728, the record indicated that the petitioner's § 2255 motion was signed and postmarked within one day of each other and within the statute of limitations period. 29 F. Supp. 2d at 730. Reasoning that that the petitioner must have delivered his § 2255 motion to prison authorities within that time period, the court determined that the motion had been timely filed. *Id.*

presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" 466 U.S. at 671 (quoting *Michel v. State of La.*, 350 U.S. 91, 100 (1955)). Petitioner contends that trial counsel rendered ineffective assistance of counsel by failing to challenge the constitutionality of the sentence imposed by this Court. Specifically, Petitioner contends that trial counsel was ineffective for failing to argue that his sentence under Count Four of the indictment, 18 U.S.C. § 924(c), was impermissibly increased on the basis of "judge-found facts."

Petitioner's sentence was based upon this Court's finding that Petitioner brandished his weapon, within the meaning of 18 U.S.C. § 924(c)(1)(A)(ii), raising the minimum consecutive sentence from five to seven years. Petitioner's argument concerning impermissibility of this Court's factual finding has already been rejected by the Fourth Circuit on direct appeal. *United States v. Blanks*, 439 F.App'x 228 (4th Cir. 2011). The Fourth Circuit, relying on *Harris v. United States*, 536 U.S. 545 (2002), determined that this Court properly applied the seven year mandatory minimum based on judicial fact-finding during sentencing. *Id.* In his appeal, Petitioner had relied on *United States v. O'Brien*, 560 U.S. 218 (2010) (holding that the fact that the firearm was a machinegun was an element of the offense to be proved to the jury, rather than a sentencing factor), arguing that it undermined the Supreme Court's holding in *Harris*. *Blanks*, 439 F. App'x at 231. The Fourth Circuit rejected this argument as well, noting that the Court in *O'Brien* "specifically distinguished [its] seven to thirty-year increase from the five to seven-year increase in *Harris*." *Id.*

In his Motions to Amend his § 2255 Motion (ECF Nos. 280 and 281), Petitioner correctly notes that there has been a subsequent change in the law with respect to judicial

fact-finding during sentencing. In *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the Supreme Court overruled *Harris*, holding that any fact that increases the mandatory minimum sentence of a crime is an element of the crime and not a sentencing factor. 133 S.Ct. at 2163-64. The Supreme Court's decision in *Alleyne*, however, does not apply to cases on collateral review and is not retroactive in nature. *See United States v. Stewart*, 540 Fed. App'x 171, 172 (4th Cir. 2013); *see also United States v. Reyes*, 755 F.3d 210, 211 (3d Cir.) *cert. denied*, 135 S. Ct. 695 (2014) (holding that *Alleyne* does not apply retroactively to cases on collateral review); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (declining to apply *Alleyne* retroactively to permit a petitioner to file a second collateral attack).

At the time of Petitioner's sentencing, the increase of the mandatory minimum sentence based on a judicial fact finding was reasonable and supported by precedent. The Fourth Circuit has repeatedly held that "trial counsel's failure to anticipate a new rule of law [is] not constitutionally deficient." *United States v. Dyess*, 730 F.3d 354, 363 (4th Cir. 2013) *cert. denied*, 135 S. Ct. 47 (2014) (quoting *United States v. McNamara*, 74 F.3d 514, 516 (4th Cir. 1996)); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995). Therefore, having found that Petitioner's trial counsel committed no error, Petitioner's first allegation of ineffective assistance of counsel is insufficient and is DENIED.

### B. Trial and appellate counsel did not render ineffective assistance of counsel for failing to challenge the sufficiency of the indictment.

Petitioner next contends that trial and appellate counsel rendered ineffective assistance of counsel by "failing to object to the sufficiency of the indictment and the constitutionality of 18 U.S.C. § 1951(a), as applied, under the Fifth and Sixth Amendments

to the United States Constitution." ECF No. 269 at 14. Specifically, Petitioner argues that the indictment makes "no allegation that the 'private residence' breached, or the 'personal property' taken, belonged to or promoted a 'commercial entity'." *Id.*

Count One of the indictment alleges that Petitioner "did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree" with his co-defendants "to knowingly and unlawfully obstruct, delay, and affect commerce and commodities in such commerce, by robbery." Indictment, ECF No. 1. Count Two of the indictment alleges that Petitioner "did knowingly and unlawfully obstruct, delay, and affect and attempt to obstruct, delay, and affect, commerce as that term is defined in 18 U.S.C. § 1951, by robbery defined in 18 U.S.C. § 1951, in that defendants herein did unlawfully take and obtain and attempt to take and obtain personal property consisting of cocaine and cocaine base and United States currency." *Id.* at 3.

Petitioner misunderstands that a conviction under 18 U.S.C. § 1951(a) does not require robbery of a "commercial entity." Rather, a conviction under 18 U.S.C § 1951(a) requires any degree of obstructing, delaying, or affecting commerce or the movement of any article or commodity in commerce, by robbery, extortion, or by commission or threat of physical violence in furtherance of a plan or purpose. *See United States v. Taylor*, 754 F.3d 217, 221-22 (4th Cir. 2014) (citing *United States v. Spagnolo*, 546 F.2d 1117, 1119 (4th Cir. 1976)). Under 18 U.S.C. § 1951(b)(3), 'commerce' is defined as "commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside

thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction."

The Supreme Court has determined that the definition of commerce under 18 U.S.C. § 1951(a) comports with the Commerce Clause in Article 1, section 8 of the United States Constitution. *See Stirone v. United States*, 361 U.S. 212, 215 (1960). The Court has held that, through the Commerce Clause, Congress may regulate the channels of interstate commerce, instrumentalities of interstate commerce, persons or things in interstate commerce, and activities that substantially affect interstate commerce. *Gonzales v. Raich*, 545 U.S. 1, 16-17 (2005) (citing *Perez v. United States*, 402 U.S. 146 (1971)). Furthermore, where "a general regulatory statute bears a substantial relation to commerce, the *de minimis* character of individual instances arising under that statute is of no consequence." *Raich*, 545 U.S. at 17 (quoting *United States v. Lopez*, 514 U.S. 549, 558 (1995) (internal citation omitted)); *see e.g., United States v. Forrest*, 429 F.3d 73, 79 (4th Cir. 2005) (concluding that the defendant's constitutional challenge based on the "*de minimis* economic effect of his own activities" was without merit).

Petitioner's conduct falls well within the ambit of 18 U.S.C. § 1951. Though Petitioner was not convicted of selling drugs, Petitioner was convicted of robbing a drug dealer of drugs and money. The Fourth Circuit has noted that "the robbery of a drug dealer has been found to be the kind of act which satisfies the 'affecting commerce' element of the Hobbs Act, inasmuch as such a robbery depletes the business assets of the drug dealer." *United States v. Williams*, 342 F.3d 350, 355 (4th Cir. 2003) (citing *United States v. Jamison*, 299 F.3d 114, 118 (2d Cir. 2002)). Petitioner has certainly "deplet[ed] the business assets of a

drug dealer" through robbery in violation of 18 U.S.C. § 1951(a). Similarly, Petitioner's contention that the indictment fails to allege that the residence breached, and the property taken, belonged to a "commercial entity" is without merit. As previously noted, the indictment states sufficient grounds to charge Petitioner under 18 U.S.C. § 1951(a).

Having found that the indictment is sufficient and that 18 U.S.C. § 1951(a) is constitutional as-applied to Petitioner, this Court finds no error in trial and appellate counsel's failure to challenge the sufficiency of the indictment. Therefore, trial and appellate counsel's performance was not deficient and fails to meet the first prong of the *Strickland* test. Petitioner's second allegation of ineffective assistance of trial and appellate counsel is DENIED.

### C. Appellate counsel did not render ineffective assistance of counsel by failing to request a rehearing or a rehearing *en banc.*

Finally, Petitioner contends that his appellate counsel rendered ineffective assistance of counsel by failing to petition for rehearing and rehearing *en banc* before the United States Court of Appeals for the Fourth Circuit. ECF No. 269. In *Strickland*, the Supreme Court recognized that counsel is afforded wide latitude in making tactical decisions. 466 U.S. at 689. The Court also recognized the importance of "eliminating the distorting affects of hindsight" when considering the circumstances of counsel's challenged conduct. *Id.* Therefore, the Court determined that it "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Based on the record in this case, appellate counsel's decision to petition for a writ of certiorari to the Supreme Court, rather than petition for rehearing or rehearing *en banc*, did not fall below the

reasonable level of competency set forth in *Strickland*. Petitioner's third allegation of ineffective assistance of counsel is DENIED.

## CONCLUSION

For the forgoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 269) is DENIED. Because the grounds for relief raised in his Motions to Amend are the same as his § 2255 Motion, Petitioner's Motions to Amend his § 2255 Motion (ECF Nos. 280 & 281) are also DENIED. Furthermore, in light of this Court's ruling on Petitioner's § 2255 motion, Petitioner's Motion for an Evidentiary Hearing (ECF No. 270), Motion for Discovery (ECF No. 271), and Motion to Appoint Counsel (ECF No. 272), are DENIED AS MOOT. Petitioner's Motion for a Copy of the Record and Request for a copy of his § 2255 Motion (ECF No. 278) is GRANTED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the Court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's

claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:        April 6, 2015

_Rell D. Bennett_

Richard D. Bennett
United States District Judge